**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**CIVIL ACTION NO. 19-CV-1222**

| | | |
|---|---|---|
| NORMAN F. HOWELL, JR., Plaintiff, v. KEVIN MORAN, *in his individual capacity*, Defendant. | ) | **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS** |

## PRELIMINARY STATEMENT

1. This civil rights action arises out of DEFENDANT KEVIN MORAN's vicious attack on PLAINTIFF NORMAN F. HOWELL, JR. at the Dan River Prison Work Farm on December 18, 2017.

2. MORAN (a corrections officer) punched, choked, and kicked HOWELL (an inmate) for no purpose other than to inflict pain.

3. HOWELL sustained serious injuries from the attack.

4. MORAN's use of excessive force subjected HOWELL to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

5. Accordingly, HOWELL brings this suit for monetary damages under 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

7. Venue in this District is proper under 18 U.S.C. § 1391(b)(2) because substantial events at issue in this litigation occurred in the Middle District of North Carolina.

**PARTIES**

8. Plaintiff NORMAN F. HOWELL, JR. is an inmate currently residing at Maury Correctional Institution in Hookerton, North Carolina. At all times relevant to this Complaint (unless otherwise noted), Mr. Howell was housed at the Dan River Prison Work Farm in Blanch, North Carolina.

9. At all relevant times, Defendant KEVIN MORAN was a prison guard at the Dan River Prison Work Farm and was acting under color of state law.

**FACTS**

10. HOWELL is a 48-year-old inmate who has been in prison since 1993.

11. On December 18, 2017, HOWELL was living at the Dan River Prison Work Farm, which houses "minimum-custody adult male offenders."

12. Sometime between 2:30 p.m. and 3:00 p.m. that day, MORAN approached HOWELL in the day room purportedly to search him and his bunk.

13. When they arrived at HOWELL's bunk, MORAN directed HOWELL to place his hands in the air.

14. MORAN then pulled on HOWELL's back pocket, tearing his pants, and exposing HOWELL's buttocks.

15. MORAN's actions served no legitimate purpose and were intended solely to humiliate HOWELL.

16. In response, HOWELL said that if MORAN planned to perform a strip search, he should do it in private.

17. That statement enraged MORAN, who punched HOWELL in the head multiple times, sending HOWELL to his knees.

18. MORAN proceeded to kick HOWELL in the back, knocking the breath out of him and fracturing his spine.

19. MORAN then put HOWELL in a choke hold and punched him again in the head.

20. As HOWELL sat on the side of the bed, MORAN dove at him, trying to punch him in the face. HOWELL buried his face in his mattress to protect his eyes, nose, and teeth.

21. Even after prison staff had handcuffed HOWELL, MORAN continued punching him in the head.

22. Throughout the encounter, HOWELL did not fight back against MORAN. Instead, HOWELL tried to evade or blunt MORAN's strikes.

23. HOWELL sustained serious injuries to his head, neck, and spine and, in the wake of the attack, felt crushing chest pain radiating to his arm and his jaw.

24. After Dan River medical staff examined his injuries, they transported him to the Emergency Room at Person Memorial Hospital and then to Duke Medical Center for treatment.

## CLAIM FOR RELIEF

### COUNT ONE

### 42 U.S.C. § 1983 Claim for Violating Mr. Howell's Eighth Amendment Rights

25. The above paragraphs (1 through 24) are incorporated herein.

26. MORAN, acting under color of state law, brutally assaulted HOWELL.

27. MORAN's use of force against HOWELL was not a good-faith effort to maintain or restore discipline.

28. HOWELL did not disobey MORAN's orders or resist MORAN's efforts to restrain him.

29. HOWELL cooperated with MORAN and allowed himself to be handcuffed.

30. Even after HOWELL was handcuffed, MORAN continued to assault him.

31. Throughout the encounter, MORAN used excessive force maliciously and sadistically to inflict serious injuries on HOWELL.

32. MORAN denied HOWELL his clearly established constitutional rights by subjecting him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

## PRAYER FOR RELIEF

**FOR THESE REASONS**, HOWELL requests that the Court grant the following relief:

A) Award HOWELL compensatory and punitive damages in an amount to be determined at trial;

B) Trial by jury for all issues so triable; and

C) Such other relief as the Court determines is appropriate.

This 16th day of December, 2019.

/s/ *Michael R. Hoernlein*
Michael R. Hoernlein
NC Bar No. 40419
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Tel: (704) 444-1000
Fax: (704) 444-1111
michael.hoernlein@alston.com

*Attorney for Plaintiff Norman F. Howell, Jr.*